# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE )<br>)<br>JAN L. THORIEN & )<br>MARK E. THORIEN, )<br>)<br>          Debtors. )<br>)<br>_____ )<br>)<br>JAN L. THORIEN & )<br>MARK E. THORIEN, )<br>)<br>          Plaintiffs, )<br>v. )<br>)<br>BARO ENTERPRISES, LLC; )<br>WASHINGTON MUTUAL BANK; )<br>FIRST AMERICAN TITLE CO.; )<br>U.S. BANK NATIONAL ASSOC., )<br>DBA U.S. BANK; KEY BANK, )<br>)<br>          Defendants. )<br>_____ ) | Case No. 06-00081-TLM<br><br><br><br><br><br><br>**MEMORANDUM OF DECISION**<br><br><br><br><br><br>Adv. Case No. 06-06019-TLM |

**INTRODUCTION AND BACKGROUND**

Jan and Mark Thorien ("Debtors") filed a chapter 11 bankruptcy petition on February 8, 2006. Doc. No. 1.[1] Prior to filing their chapter 11 petition, Debtors

---

[1] Because matters are raised in both the chapter 11 case and in the adversary proceeding, and since this Decision is simultaneously entered in both files, pleadings in Case No. 06-00081-TLM are identified by "Doc. No." and pleadings in Adversary Case No. 06-06019-TLM are

(continued...)

MEMORANDUM OF DECISION - 1

defaulted on their home mortgage with the holder of a first priority deed of trust, Washington Mutual Bank ("WaMu"). Though there were several attempts to cure or negotiate a resolution of the default, a deed of trust foreclosure and trustee's sale occurred on September 29, 2005, in which BARO Enterprises, LLC ("BARO") was the successful bidder. A trustee's deed to BARO was recorded the same day.

In October, 2005, Debtors filed a complaint against BARO, WaMu, and First American Title Co. ("FATCo") in the District Court for the Fourth Judicial District of the State of Idaho in and for Ada County ("State Court") contesting the propriety of the sale. In State Court, Debtors sought to obtain a preliminary injunction to prevent BARO from evicting them, set aside the foreclosure sale, obtain damages against WaMu for breach of a forbearance plan and require FATCo to effectuate any set aside order. *See* Doc. No. 8 at attach. (amended State Court complaint). BARO counterclaimed in State Court alleging that, as the successful purchaser at the trustee's sale, it was entitled to possession of the premises. *Id*. at attach. (State Court answer and counterclaim). It later sought a preliminary injunction requiring Debtors to pay "rent" *pendente lite* and filed motions for judgment on the pleadings and for summary judgment.

On January 10, 2006, the State Court ordered Debtors to make monthly

---

[1](...continued)
identified as "Adv. Doc. No.".

MEMORANDUM OF DECISION - 2

payments to BARO,[2] and on February 2, 2006, the State Court scheduled a hearing on BARO's summary judgment motion for February 9, 2006. Debtors filed their chapter 11 petition the day before that State Court hearing was scheduled to occur.

On February 9, 2006, BARO filed a motion for relief from the automatic stay to proceed with its State Court counterclaim and summary judgment hearing. *See* Doc. No. 8 ("Stay Motion"). Debtors not only objected to stay relief, Doc. No. 16, they filed the present adversary proceeding, No. 06-06019-TLM, on February 22, 2006. Adv. Doc. No. 1.

The adversary proceeding concerns the same events and the same claims pleaded and involved in Debtors' State Court action regarding the alleged procedural and substantive defects in the deed of trust foreclosure. However, Debtors allege additional causes of action for fraudulent conveyance under § 548 of the Bankruptcy Code[3] and include as additional defendants junior secured creditors Key Bank and U.S. Bank so as to clarify all lien rights on the real property at issue.

On March 2, 2006, BARO filed a motion to dismiss the adversary

---

[2] *See* Doc. No. 8 at attach. (State Court order requiring Debtors to pay $1,500.00 per month by the 10th day of each month); *see also* Adv. Doc. No. 11 at attach. (First Aff. of Barb Malmstrom, filed by Debtors in State Court, asserting $1,500.00 per month was fair market rental value for the property).

[3] Title 11, U.S. Code, was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (2005) ("BAPCPA"), effective October 17, 2005. As this case was filed after October 17, 2005, BAPCPA applies.

MEMORANDUM OF DECISION - 3

proceeding (the "Dismissal Motion"). *See* Adv. Doc. No. 9. Given the arguments advanced and the entirety of the record, the Court views the Dismissal Motion as a request to dismiss or, alternatively, as one seeking permissive abstention. *See* 28 U.S.C. § 1334(c)(1).

Toward the end of March, 2006, WaMu and FATCo joined BARO's Dismissal Motion, requesting dismissal for failure to state a claim and citing the State Court action as an alternative forum addressing the same transactions and causes of action. *See* Adv. Doc. Nos. 19, 20.[4]

An April 10, 2006 joint hearing was held in the chapter 11 case and the adversary proceeding on the Stay Motion and the Dismissal Motion. After considering the oral arguments and briefing, the record, and applicable authorities, the Court concludes the Stay Motion and the Dismissal Motion will be denied. The following constitutes the Court's findings of fact and conclusions of law as required by Rule. Fed. R. Bankr. P. 7052, 9014.

## DISCUSSION AND DISPOSITION

### A. The Dismissal Motion

#### 1. Bankruptcy Rule 7012

Three of the adversary defendants seek dismissal under Fed. R. Bankr. P. 7012 which incorporates Fed. R. Civ. P. 12(b)(6). The Fed. R. Civ. P. 12(b)(6)

---

[4] The Court's use of "Dismissal Motion" in this Decision encompasses the joinders and/or similar motions of WaMu and FATCo.

MEMORANDUM OF DECISION - 4

standard is very difficult to meet. *See, e.g., Quad-Cities Constr., Inc. v. Advanta Bus. Servs. Corp. (In re Quad-Cities Constr., Inc.)*, 254 B.R. 459, 465, 00.4 I.B.C.R. 190, 191 (Bankr. D. Idaho 2000). Under this standard, the Court must construe the complaint in the plaintiff's favor, assume the truth of its factual allegations, and dismiss the complaint only if it appears "beyond doubt" that the plaintiff could prove no set of facts that would entitle it to relief. *Id.* at 465-66.

BARO submitted several affidavits and exhibits with its motion to dismiss. In addition, BARO submitted a statement of undisputed facts. Debtors also filed several affidavits.[5] Fed. R. Civ. P. 12(b) states, in pertinent part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

BARO asserts that this Court may consider "documents the complaint references, and matters of which the court may take judicial notice" under Fed. R. Civ. P. 12(b)(6) without requiring disposition of the Dismissal Motion as one for summary judgment. *See* Adv. Doc. No. 12 at 2-3 (citing *Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996)). While BARO is correct, the

---

[5] Some of these documents were improperly filed in the chapter 11 case, rather than in the adversary proceeding. However, given the consolidated nature of the hearing and the interrelationship of the two Motions, the defect is not viewed as critical.

MEMORANDUM OF DECISION - 5

documents and matters it, and Debtors, submitted for the Court's possible review go beyond documents referenced in the complaint or matters of which the Court can properly take judicial notice under Fed. R. Evid. 201.

The Court has a choice: it may either consider the materials outside the pleadings, and treat the motion as one for summary judgment, or it may decline to consider the materials proffered and exclude them, proceeding then to address the motion under Fed. R. Civ. P. 12(b)(6) standards.  *See* Fed. R. Civ. P. 12(b) ("If . . . matters outside of the pleadings are presented to *and not excluded* by the court").

BARO's submissions, in effect if not by design, lead the Court to treat the matter as a summary judgment.  Debtors appear to embrace that approach, as they refer to BARO's motion as one for summary judgment and submit their own affidavits, exhibits and response to BARO's statement of undisputed facts.  The Court will therefore consider the non-pleading materials, and consequently will treat the Dismissal Motion as one for summary judgment.

### 2. Bankruptcy Rule 7056

A motion for summary judgment is addressed under Fed. R. Bankr. P. 7056, which incorporates Fed. R. Civ. P. 56.  The duties upon a party opposing summary judgment are set forth in Fed. R. Civ. P. 56(e):

> **(e) Form of Affidavits; Further Testimony; Defense Required.**  Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent

MEMORANDUM OF DECISION - 6

> to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). The standards guiding the Court in consideration of a motion for summary judgment are well settled. Summary judgment may be granted if, when the evidence is viewed in a light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(e); *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001).

Further, the Court does not weigh the evidence in considering summary judgment. It determines only whether a material factual dispute remains for trial. *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997). An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find in favor of the non-moving party, and a fact is "material" if it might affect the outcome of the case. *Far Out Prods.,* 247 F.3d at 992 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986)).

The initial burden of showing there is no genuine issue of material fact rests

on the moving party. *Esposito v. Noyes (In re Lake Country Invs.)*, 255 B.R. 588, 597, 00.4 I.B.C.R. 175, 178 (Bankr. D. Idaho 2000) (citing *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir. 1998)). If the non-moving party bears the ultimate burden of proof on an element at trial, that party must make a showing sufficient to establish the existence of that element in order to survive a motion for summary judgment. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

Here, Debtors filed affidavits stating, *inter alia*, that there was no default because there was a "workout" agreement in place, that the notice of default was inaccurate and misstated, and there was insufficient notice of the September 29, 2006, foreclosure sale pursuant to Idaho Code § 45-1506. These are factual assertions[6] which, if proven, may support Debtors' contentions that the sale was invalid under Idaho law and, consequently in Debtors' view, that BARO's purchase at that sale did not provide them with "reasonably equivalent value" such that the transfer of their property was a fraudulent conveyance. *See BFP v. Resolution Trust Corp.*, 511 U.S. 531, 545-46 (1994) ("Any irregularity in the conduct of the sale that would permit judicial invalidation of the sale under applicable state law deprives the sale price of its conclusive force under § 548(a)(2)(A), and the transfer may be avoided if the price received was not reasonably equivalent to the property's actual value at the time of the sale (which

---

[6] The last may be a mixed question of fact and law, but nonetheless has material factual components.

MEMORANDUM OF DECISION - 8

we think would be the price that would have been received if the foreclosure sale had proceeded according to law).").

The Court appreciates that much remains to be said on the subject of the alleged lack of notice and other asserted errors in the foreclosure process. But the summary judgment standard requires only a genuine issue of fact on a material issue. Summary judgment is best designed for cases where parties agree on the operative facts, or at least where no credible factual issue is posited, and where the parties agree that only legal issues are presented. This is not such a case. The Dismissal Motion (and joinders), treated as a summary judgment motion under the Rules, will be denied.

### B.     Abstention

As noted, the Dismissal Motion at least implicitly raises the question of whether this Court should abstain and allow the State Court action to proceed. The arguments of the parties at hearing addressed this question. The Court would also have the ability to consider abstention *sua sponte*. *See* § 105(a).

28 U.S.C. § 1334(c)(1) governs permissive abstention, and allows the bankruptcy court "in the interest of justice, or in the interest of comity with State courts or respect for State law" to abstain from hearing a particular proceeding arising under, arising in, or related to a case under Title 11.[7] In deciding whether

---

[7] So-called "mandatory" abstention under 28 U.S.C. § 1334(c)(2) is not implicated.

MEMORANDUM OF DECISION - 9

to abstain, the Ninth Circuit has instructed that several factors, while not a comprehensive list, should be considered by the Court. These include:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceedings of nondebtor parties.

*Christensen v. Tucson Estates, Inc.* (*In re Tucson Estates, Inc.*), 912 F.2d 1162, 1166-67 (9th Cir. 1990) (quoting *In re Republic Reader's Serv., Inc.*, 81 B.R. 422, 429 (Bankr. S.D.Tex. 1987)). *See also Agincourt, L.L.C. v. Stewart* (*In re Lake Country Invs., L.L.C.*) 00.3 I.B.C.R. 138, 142-43 (Bankr. D. Idaho 2000) (citing *Bowen Corp., Inc. v. Sec. Pac. Bank Idaho, FSB* (*In re Bowen Corp., Inc.*), 150 B.R. 777, 784, 93 I.B.C.R. 54, 58-59 (Bankr. D. Idaho 1993) and applying the *Tucson* factors).[8]

---

[8] Cases listing factors are tools to assist the Court, and not mere "scorecards" leading to mechanical results based on the sum of favorable, unfavorable and neutral factors. *See Fjeldsted v. Lien (In re Fjeldsted)*, 293 B.R. 12, 25 (9th Cir. BAP 2003) ("[L]ists [of factors] are capable of being misconstrued as inviting arithmetic reasoning, [and therefore] we emphasize that these items are merely a framework for analysis and not a scorecard. In any given case, one factor may so outweigh the others as to be dispositive.").

MEMORANDUM OF DECISION - 10

Here, the Court concludes that judicial economy favors denial of the request to abstain. Though the bankruptcy relief Debtors seek relies on state law and, in fact, state law issues might be viewed as predominating, there is a significant possibility that the parties would be required to return to this Court to deal with the consequences of any judgment rendered by the State Court. Trying all the issues before a single court in a single proceeding fosters judicial economy and is in the economic interests of the litigants as well.

The Court appreciates that the State Court action is already somewhat advanced. Debtors' bankruptcy was filed the day before a summary judgment hearing was scheduled in State Court. However, the State Court case is not all that old, and the State Court's rulings to this point relate only to payments required to protect BARO while Debtors sought to advance their claims. Nothing submitted indicates that the State Court was particularly close to a resolution of the primary issues or, for that matter, that summary judgment would be any more likely in State Court than here.

BARO argues that with the large number of pre-BAPCPA cases currently crowding this Court's docket, the State Court may be more expeditious. The Court appreciates the concern, and can attest to its own heavy workload. However, several trials have been held by this Court in post-October 17, 2005 cases, and adversary proceedings are being regularly set for prompt trial. The

MEMORANDUM OF DECISION - 11

Court has little doubt that it can manage this action and ensure an appropriately and expeditiously scheduled trial date.

Without belaboring the discussion further, the Court has considered all the *Tucson Estates* factors and the interests of justice in this case, and concludes that it will decline the suggestion that it permissively abstain from hearing the adversary proceeding.

### C.  The Stay Motion

The § 362(a) automatic stay precludes continuation of BARO's State Court counterclaim for judicial ejectment and resolution of the issues therein because it is a "judicial proceeding against the debtor." *See* § 362(a)(1). Thus, BARO requests relief from the stay in order to continue with its State Court counterclaim against Debtors. *See* § 362(d)(1).[9]

Since this Court has concluded that permissive abstention is unwarranted, the impetus behind stay relief "for cause" in order to allow the State Court action to continue becomes fairly weak. The Court concludes that BARO's motion for relief from the automatic stay to allow the parties to proceed in State Court will be

---

[9] BARO was clearly entitled to ask for such relief. *See In re Estep*, 98.3 I.B.C.R. 73 (Bankr. D. Idaho 1998) (holding that "in circumstances where a claimant against the debtor estate has sought relief from the stay to pursue a cause of action in a non-bankruptcy forum, Congress has stated: '[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.'"). Of course, entitlement to seek relief does not necessarily mean that it will be granted.

MEMORANDUM OF DECISION - 12

denied, but the denial will be conditional.

This Court has the ability under § 362(d) to grant relief from the stay "by terminating, annulling, modifying, or conditioning" such stay. Often, the automatic stay may remain in place on the condition that the debtor provide adequate protection of the interests of the moving creditor. Such a condition is appropriate here.

The State Court found that BARO was entitled to payments from Debtors while the question of the regularity and propriety of the foreclosure sale and trustee's deed was litigated.[10] This Court will order, as a condition of denial of the Stay Motion, that such payments continue. Debtors' failure to make such payments will entitle BARO to return to this Court upon shortened notice[11] to renew its request for termination of the stay.

**CONCLUSION**

The Dismissal Motion will be denied. Any related abstention request will also be denied. The Stay Motion will be denied, but on the condition noted. Appropriate orders will be entered in the adversary proceeding file and in the chapter 11 case file.

---

[10] *See* Doc. No. 8 at attach. (State Court order) (establishing monthly payments of $1,500.00 due not later than the 10th of each month to be paid to BARO and to be held in trust).

[11] The Court will allow the matter to come on for hearing on ten (10) days notice, and will allow BARO to schedule such hearing notwithstanding the usual operation of LBR 4001.2.

MEMORANDUM OF DECISION - 13

DATED: April 24, 2006



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE